IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER A. MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et. al,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-00704-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket

No. 6.)  Pro se Plaintiff is Walter A. Martinez.  Defendants are the following:  (1) the State of

Utah; (2) Utah Governor Gary Herbert; (3) Utah Attorney General John Swallow; (4) Salt Lake

County Sheriff Jim Winder; (5) Salt Lake City Police Department Chief Chris Burbank; (6) the

State of California; (7) California Governor Jerry Brown; (8) California Attorney General

Kamala Harris; and (9) the California Sex Offender Registry.  (Dkt. No. 3 ¶¶ A.3-A.6.)

On July 31, 2013, Magistrate Judge Paul M. Warner granted Plaintiff leave to proceed in

forma pauperis.  (Dkt. No. 2.)  On that same date, Plaintiff filed his complaint.  (Dkt. No. 3.)

The Court now considers Plaintiff's motions to appoint counsel, and for service of process.  (Dkt.

Nos. 4-5.)  For the reasons set forth below, this Court **RECOMMENDS** the District Court

**DENY** Plaintiff's motions without prejudice. This Court further **RECOMMENDS** the District Court **ORDER** Plaintiff to amend his complaint.

## II.      SUMMARY OF PLAINTIFF'S COMPLAINT

### A.  Facts Underlying Complaint

The following facts come from Plaintiff's complaint. In 1975, Plaintiff suffered an unspecified California misdemeanor conviction. (Dkt. No. 3 ¶ B.1.) He completed the sentence for this unspecified conviction in 1976. (*Id.* ¶ C.1.a(2).) On an unspecified date between 1976 and 2002, Plaintiff suffered an unspecified Utah conviction. (Dkt. No. 3 ¶ B.1.) Plaintiff served a zero-to-five year sentence for this conviction. (*Id.*) This sentence expired on February 2, 2002. (*Id.*) On February 2, 2012, Plaintiff finished a ten year registration term on Utah's sex offender registry. (*Id.*) On April 29, 2013, Salt Lake City police officers arrested and detained Plaintiff for failure to register as a sex offender. (Dkt. No. 3 ¶ B.1.) The arresting officers allegedly told Plaintiff he had to remain on the Utah sex offender registry for life due to his unspecified 1975 conviction. (*Id.*) Plaintiff offers no other details regarding the arrest, or his subsequent detention.

The "Sex/Kidnap Offender Registration Offender Information Form" Plaintiff attached to his complaint fails to elucidate the factual allegations in the complaint. (Dkt. No. 3-1, Ex. A.) The form reflects an undated offense committed in an unknown location, the description of which Plaintiff crossed out. (*Id.* at 3.)[1] The form reflects another undated offense committed in

---

[1] Plaintiff failed to completely cross out this offense, and it appears the offense related to annoying or molesting a child. (Dkt. No. 3-1, Ex. A at 3.) However, this Court refrains from analyzing this partially obscured description in its Report and Recommendation.

Tooele, Utah, the description of which Plaintiff again crossed out. (*Id.*)[2] The form further shows an undated offense in Tooele, Utah for attempted sexual abuse of a child. (*Id.*) The form does not indicate if this offense resulted in a conviction.

## B. Legal Claims Stemming From Facts

Based on the aforementioned facts, Plaintiff asserts that Defendants violated numerous Constitutional provisions. Plaintiff claims Defendants violated the Fifth Amendment prohibition against double jeopardy. That is, Plaintiff argues Defendants cannot require him to retroactively register as a sex offender for his 1975 conviction when neither Utah nor California maintained a sex offender registry in 1975, and Plaintiff already completed the sentence for this conviction. (Dkt. No. 3 ¶ C.1.a(2).) Plaintiff also claims Defendants violated his Fifth Amendment due process rights because they "never notified" him "he was being placed" on the sex offender registry. (*Id.* ¶ C.1.b(2).) Finally, Plaintiff claims Defendants violated his Fourth Amendment rights when they illegally detained him on April 29, 2013. (*Id.* ¶ C.1.c(2).)

## III. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Civil litigants lack a Sixth Amendment right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, in its discretion, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). *See also Johnson*, 466 F.3d at 1217. The party requesting counsel bears the burden "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the court should consider numerous factors, "including the merits of the litigant's claims, the nature

---

[2] Plaintiff failed to completely cross out this offense, and it appears the offense related to felony attempted object rape of a child. (Dkt. No. 3-1, Ex. A at 3.) Underneath this description, Plaintiff hand wrote "never arrested for this!" (*Id.*) Given these circumstances, the Court refrains from analyzing this offense in its Report and Recommendation.

of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted).

After reviewing Plaintiff's complaint, this Court **RECOMMENDS** the District Court **DENY**, without prejudice, Plaintiff's motion to appoint counsel. (Dkt. No. 4.) Plaintiff's entire complaint stems from the claim that Defendants wrongfully required him to register as a sex offender due to his convictions. However, Plaintiff neglected to provide any details about those convictions, such as the statutes underlying the convictions. With the exception of the conviction related to his 2002 sentence, Plaintiff failed to explain whether he suffered any other convictions that required sex offender registry, and if so, for how long.[3] Because Plaintiff's complaint omits these pertinent facts, this Court cannot analyze the merits and complexity of Plaintiff's claims.

## IV.    PLAINTIFF SHOULD AMEND COMPLAINT TO COMPLY WITH FED. R. CIV. P. 8(a)(2), AND TO UNAMBIGUOUSLY IDENTIFY DEFENDANTS

The Court notes several deficiencies in Plaintiff's complaint. (Dkt. No. 3.) For instance, Plaintiff failed to provide a short and plain statement of claims showing his entitlement to legal relief. Fed. R. Civ. P. 8(a)(2). As described above, Plaintiff failed to provide information about his convictions. This failure prevents Plaintiff from showing whether, given the nature of his convictions, Defendants unlawfully imposed further sex registration requirements on him, thereby entitling him to legal relief. *See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("[W]e must assume that the [plaintiff] can prove the facts

---

[3] For instance, if Plaintiff suffered certain types of convictions in Utah, he would be required to remain on the sex offender registry for a lifetime, regardless of his 1975 California conviction. *See* Utah Code Ann. § 77-41-105(3)(c)(i). *See also id.* § 77-27-21.5(12)(c)(i)(A) (repealed 2012).

alleged in its [] complaint. It is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the [] laws in ways that have not been alleged.").

Moreover, the Court notes that Plaintiff listed the following parties as Defendants in the complaint caption but failed to identify these parties as Defendants within the body of the complaint: (1) Salt Lake County Jail Officer JG6; (2) Officer HW9; (3) Officer GK5; (4) Officer FNU Crowther LM92; (5) the Utah Sex Offender Registry; and (6) FNU Detective Coat.

To remedy the aforementioned inadequacies, this Court **RECOMMENDS** the District Court **ORDER** Plaintiff to file an amended complaint. The amended complaint should clearly identify all intended Defendants in both the complaint caption, and within the body of the complaint. The amended complaint should specify the exact dates, places, and conviction statutes relating to: (1) Plaintiff's 1975 conviction; (2) the conviction leading to Plaintiff's ten year inclusion on the sex offender registry; and (3) any convictions resulting from the offenses described on the Kidnap/Sex Offender Registration Offender Information Form.

## V. PLAINTIFF'S MOTION FOR SERVICE OF PROCESS

Because the Court recommends that Plaintiff amend his complaint, the Court further **RECOMMENDS** the District Court **DENY**, without prejudice, Plaintiff's motion for service of process. (Dkt. No. 5.)

## VI. RECOMMENDATIONS

For the reasons set forth above, this Court **RECOMMENDS** that the District Court **ORDER** Plaintiff to amend his complaint. Plaintiff should file an amended complaint no later than **fourteen (14) days** after the District Court adopts this Report and Recommendation.

This Court further **RECOMMENDS** the District Court **DENY**, without prejudice, Plaintiff's motions for service of process, and to appoint counsel. (Dkt. No. 4-5.) The Court **RECOMMENDS** the District Court permit Plaintiff to **RENEW** these motions after he files his amended complaint.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 27th day of September, 2013.       By the Court:

Dustin B. Pead
United States Magistrate Judge