IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER A. MARTINEZ,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>  Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-00704-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 6.)  In his complaint, pro se Plaintiff asserts that Defendants violated his constitutional rights by: (1) requiring Plaintiff to retroactively register as a sex offender for an unspecified 1975 conviction; (2) failing to notify Plaintiff he was being placed on the sex offender registry; and (3) illegally detaining Plaintiff for failing to register as a sex offender.  (Dkt. No. 3 ¶ C.1.)  For the reasons set forth below, this Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint with prejudice.  (Dkt. No. 3.)

## II.  PROCEDURAL HISTORY

On July 31, 2013, Magistrate Judge Paul M. Warner granted Plaintiff leave to proceed in forma pauperis.  (Dkt. No. 2.)  On that same date, Plaintiff filed his complaint.  (Dkt. No. 3.)  On September 27, 2013, this Court noted numerous deficiencies with Plaintiff's complaint and

recommended that Plaintiff amend his complaint. (Dkt. No. 8.) On October 22, 2013, the District Court adopted this Court's Report and Recommendation and ordered Plaintiff to amend his complaint within fourteen days. (Dkt. No. 9.)

Plaintiff failed to timely amend his complaint to comply with the District Court's order. Instead, Plaintiff wrote the District Court a letter. (Dkt. No. 10.) In the letter, Plaintiff stated that he could not obtain the information he needed to amend his complaint. (*Id.*) As such, Plaintiff wrote that he "accept[ed] any decision" the District Court made. (*Id.* at 2.)

### III. SCREENING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)

A court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). When deciding whether to dismiss such a complaint, a court accepts the allegations in the complaint "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in a plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Relevant here, a court should only dismiss a pro se complaint for failure to state a claim where it "appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotation omitted).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint with prejudice. For the reasons set forth in this Court's Report and Recommendation (Dkt. No. 8 at 4-6), Plaintiff's current complaint fails to state a claim on which relief may be granted. For instance, the complaint provides no details about Plaintiff's convictions. Without these details, Plaintiff cannot show whether, given the nature of his

convictions, Defendants unlawfully imposed further sex registration requirements on him. (*Id.* at 4-5.) Despite the District Court's order to provide such details in an amended complaint, Plaintiff failed to do so. (Dkt. No. 10.)

## IV. RECOMMENDATIONS

For the reasons discussed above, this Court **RECOMMENDS** that the District Court:

**DISMISS** Plaintiff's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (Dkt. No. 3.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 10th day of January, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge